# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | |
|---|---|
| WENDY ASTON-MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-00043 |
| | ) |
| WARNERMEDIA DIRECT, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

When Wendy Aston-Martin signed up for an HBO Max account, she agreed to resolve disputes with the Defendant either in individual arbitration or small claims court. As part of that agreement, both Ms. Aston-Martin and WarnerMedia agreed that, if a case was filed in small claims court, they would neither "remove[]" nor "appeal[] to a court of general jurisdiction." Ms. Aston-Martin gave WarnerMedia notice of her video-privacy dispute and, eventually, decided to file an action in Tennessee's small claims court. In response, WarnerMedia removed the small claims action to this Court in direct conflict with the agreement it wrote.

In an apparent attempt to justify its own non-compliance, WarnerMedia raises a litany of grievances. It discusses a different federal court action pending in New York involving Petitioners who are strangers to this Court. It discusses unrelated Alabama actions also involving strangers to this Court. And, it even raises an entirely

1

unrelated federal court action involving Plaintiff's Counsel in this suit. But this Court is not a one-stop shop for all of WarnerMedia's imagined grievances against Ms. Aston-Martin's Counsel. WarnerMedia asks for full-service treatment from this Court because it claims that Ms. Aston-Martin's Counsel are playing, in its words, "judicial whack-a-mole." To the extent other consumers have decided to pursue different remedies for WarnerMedia's video-privacy violations, that is their individual right under WarnerMedia's terms and conditions, which it wrote and imposed upon consumers.

This Court has a simple task: it is charged with determining whether the parties' agreement means what it says. That is, whether the express prohibition on removal included in WarnerMedia's terms actually prohibit the company from removing Ms. Aston-Martin's small claims action.

Aside from its entirely irrelevant string of *ad hominem* attacks, WarnerMedia makes only two losing arguments in its Opposition. First, WarnerMedia erroneously claims that the present dispute is one about arbitrability. It claims that this Court should transfer the case to its home court in New York, or, in the alternative, compel NAM arbitration. WarnerMedia claims that this is the appropriate course of action because it has decided to compel arbitration. Under all versions of WarnerMedia's contract, however, Ms. Aston-Martin had the option of pursuing relief in arbitration or in small claims court. She chose the latter. This court cannot now disturb that

2

choice. Second, WarnerMedia says that Ms. Aston-Martin has somehow lost her right to pursue relief in small claims court because WarnerMedia made the decision to attempt to remove to this Court. WarnerMedia does not—because it cannot—explain how it retained the power to remove this action given its express agreement to allow Ms. Aston-Martin to pursue her dispute in small claims court.

WarnerMedia's contortions betray a simple truth: it cannot avoid the Terms it drafted and imposed on Ms. Aston-Martin as a condition of signing up for an account. This Court should remand this action to the General Sessions Court of Coffee County, Tennessee under the terms of the parties' agreement.

### A. Interpreting the Agreement to Permit Removal Would Violate the Parties' Agreement and Render the Small Claims Exception Illusory.

WarnerMedia concedes that it agreed to allow consumers like Ms. Aston-Martin to resolve disputes in small claims court. It also concedes that its agreement contains a provision prohibiting small claims actions from being removed. It now claims, however, that it had the power to unilaterally decide to remove Ms. Aston-Martin's case, revoking her right to bring her claims in small claims court. That simply cannot be the law.

WarnerMedia's contract states that "we each agree to resolve those disputes through binding arbitration ***or small claims court*** instead of in courts of general jurisdiction. (Doc. 24-6 at 31 (emphasis supplied)). It goes on to provide:

3

> Notwithstanding the foregoing [pertaining to arbitration], either party may bring an action in small claims court seeking only individualized relief, so long as the action remains in that court and is not removed or appealed to a court of general jurisdiction.

Id. at 33. Thus, WarnerMedia agreed not to remove the case to federal court, and in so agreeing waived its right to remove this action to federal court. There are several reasons why this must be the case.

*First*, the parties agreed not to remove small claims actions, just like they agreed to waive their right to appeal, through the plain language of the agreement.

*Second*, even if the language of the parties' agreement *could* somehow be interpreted to permit removal, WarnerMedia's contract should not be interpreted in this way for at least two reasons. The first is that contracts like WarnerMedia's should not be interpreted to render their promises illusory. The second is that any ambiguities should be construed against WarnerMedia as the drafting party.

Interpretation must begin with the plain language of the parties' agreement. WarnerMedia and Ms. Aston-Martin each agreed that either party could bring disputes in small claims court, "so long as the action remains in that court and is not removed or appealed to a court of general jurisdiction." Doc. 24-6 at 33. This means that Ms. Aston-Martin and WarnerMedia agreed not to appeal any adverse judgment in the small claims court. And WarnerMedia, as the defending party, agreed not to remove an otherwise removable small claims action to federal court. This is the only coherent way to interpret the parties' agreement—and the only way to give meaning

4

to all terms of the parties' contract. See Cagle v. Cagle, 1998 WL 802019 at *5 (Tenn. Ct. App. 1998) ("All words and phrases placed in a contract shall be given effect whenever possible"); Fifth Avenue Execuive Staffing v. Virtual Communities, Inc., 2002 WL 398512 at *1 (N.Y. Sup. Ct. App. Div. 2002) ("A contract should be construed as to give full meaning and effect to all its provisions") (quoting American Express Bank Ltd. v. Uniroyal, Inc., 164 A.D. 2d 275, 277 (N.Y. Sup. Ct. App. Div. 1990))

WarnerMedia does not offer its own interpretation of the agreement that would permit removal. Instead, the company merely cites two unreported district court cases from outside the Sixth Circuit. (Doc. 23 at 20-21) (citing Davis v. Ally Fin. Inc., 2024 WL 2239144 at *4 (D.N.J. 2024); Beautyman v. Lilyandmajor, LLC, 2021 WL 1264228 at *6 (S.D. Fla. 2021)). Both of these cases are inapt.

Davis was a decision on a motion to compel arbitration involving a pro se plaintiff—the plaintiff did not file a motion to remand or otherwise argue that the defendant had waived its right to remove. 2024 WL 2239144 at *4. Moreover, the court's statement regarding the small-claims exception is dicta, as the court expressly states that such language is not contained in the contract that was being considered by the court. Id. Beautyman—another decision on a motion to compel involving a pro se plaintiff—is similarly defective as it involved a contract that did

5

not mention the word removal. 2021 WL 1264228 at *1. Both decisions should be disregarded as non-binding and unpersuasive.

If this Court nevertheless finds that the parties' agreement can be interpreted in a way to permit removal, it should resist such an interpretation, as it would render WarnerMedia's agreement illusory. WarnerMedia's interpretation would make the small-claims exception meaningless by allowing WarnerMedia to choose—in its unilateral discretion—whether to allow plaintiffs to proceed in small claims court. Courts refuse to interpret contracts in a way that would render their promises illusory. See M & G Polymers USA, LLC v. Tackett, 574 U.S. 427, 440 (2015) ("[The illusory promises] doctrine instructs courts to avoid constructions of contracts that would render promises illusory because such promises cannot serve as consideration for a contract." (citing 3 Williston § 7:7 (4th ed. 2008)); see also Walker v. Ryan's Family Steak Houses, Inc., 289 F. Supp. 2d 916, 929 (M.D. Tenn. 2003), aff'd 400 F. 3d 370 (6th Cir. 2005); Rode Oil Co., Inc. v. Lamar Advertising Co., 2008 WL 4367300 at *10 (Tenn. App. 2008) ("Courts do, however, generally endeavor to avoid finding that a promise was illusory[.]"); Keles v. Yearwood, 254 F. Supp. 3d 466, 475 (E.D.N.Y. 2017) ("It is 'settled' New York law that courts 'will not adopt an interpretation that renders a contract illusory when it is clear that the parties intended to be bound' by the agreement.") (quoting LaRoss Partners, LLC v. Contact 911, Inc., 2015 WL 2452616 at *10 (E.D.N.Y. 2015).

Further, under the doctrine of *contra proferentem*, any ambiguities must be construed against WarnerMedia, as the drafting party. This doctrine applies with special force, as here, "where the written contract is standardized and between parties of unequal bargaining power." Yellowbook Inc. v. Brandeberry, 708 F.3d 837, 847 (6th Cir. 2013).

This Court should find that WarnerMedia waived its right to federal court removal and remand this action to Tennessee small claims court.

**B. Sixth Circuit Case Law Makes it Clear that Defendant Waived the Right to Remove.**

As Plaintiff explained in her motion to remand, courts in the Sixth Circuit regularly find that parties waive the right to federal court removal where they agree to resolve disputes in a state court forum. (Doc. 16 at 8 (collecting cases)). WarnerMedia relegates its discussion of these cases to a single footnote, attempting to distinguish them by stating that in those cases "the parties agreed that the state court was the exclusive venue for disputes." (Doc. 23 at 16, n. 13). It then strings together citations showing the parties in those cases designated a specific court rather than a type of court, as is the case here. This is a distinction without a difference. WarnerMedia is a multinational company serving consumers across the country. If WarnerMedia offered streaming services exclusively to Tennessee residents, it could provide for exclusive small-claims jurisdiction in the General Sessions Court. Since WarnerMedia does not offer streaming services exclusively to Tennesseans, it must

7

include the broader category of small claims courts. WarnerMedia should not get a pass because it operates on a national scale.

The fact that arbitration was also an option under the contract does not change this analysis. The Federal Arbitration Act mandates that arbitration clauses be treated like all other contracts. See, e.g., Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 447 (2006) (noting "the FAA's substantive command that arbitration agreements be treated like all other contracts."); AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 ("courts must place arbitration agreements on an equal footing with other contracts."). Thus, if the Court would find that a contract selecting simply small claims court waived the right to removal outside of the arbitration context, it must make the same finding in this case.

This Court should find that WarnerMedia waived its right to federal court removal when it specified exclusive court jurisdiction for arbitrable disputes in state small claims court.

### C. This Case Should Be Remanded Under All Potentially Applicable Versions of WarnerMedia's Contract.

Contrary to WarnerMedia's suggestions, Ms. Aston-Martin has ***in no way*** "conceded" that WarnerMedia's newer version of its contract applies to her case. The ***only*** reason Plaintiff cited the new terms in her motion was to demonstrate that the language surrounding the small claims exception had not changed in any material

8

fashion. Thus, as stated in the motion to remand, it is not necessary for this court to decide which terms apply to remand the case.

Defendant makes much of Plaintiff's supposed refusal to stipulate that this case would remain in the General Sessions Court and that she would not seek relief or review outside of that court. Plaintiff's counsel made it clear to counsel for the defendant, and now further represent to the Court, that we believe the agreement Plaintiff entered into with HBO (i.e., the original terms) already obligates any party that brings a claim in small claims court to remain within the bounds of that court. Further we believe that the agreement requires that the case not be removed or appealed from that court by either party. To that end, Plaintiff was willing to agree to a stipulation in which both sides undertook that the case would be heard and remain in the General Sessions Court and not be removed or appealed. At the time, Warnermedia was willing to agree not to remove the case, but would not accept a mutually binding statement that the case could not be appealed. Thus, it appeared to Plaintiff that the company wanted to preserve for itself a unilateral right of appeal contrary to the terms of the agreement. That is why Plaintiff would not sign the stipulation.

### D. Whether Any Pre-Conditions Have Been Met is an Issue for the General Sessions Court on Remand.

9

WarnerMedia argues that Ms. Aston-Martin has not complied with "the conditions precedent to filing under the Terms." Opp. at 17. It claims that Ms. Aston-Martin was required to supply a laundry list of information to WarnerMedia prior to initiating her action in Tennessee's small claims court. And it says that the only court to resolve this issue is the U.S. District Court for the Southern District of New York in Manhattan.

WarnerMedia's argument is absurd. It drafted a contract entitling consumers to bring small claims actions in their home county, worth a couple thousand dollars. But WarnerMedia argues that if there is a dispute about whether the case is properly before a particular small claims court, rather than making those arguments to the small claims court, the consumer should be forced to a federal court halfway across the country. This does not pass the straight face test. WarnerMedia concedes that Ms. Aston Martin gave notice of her claims through counsel. Waibel Decl. ¶ 21. The sufficiency of any notice should be judged by the only court entitled to hear the merits of Ms. Aston-Martin's dispute—the small claims court in Tennessee.

### E. This Dispute is not a Matter of Arbitrability.

The dispute before the Court is about whether the parties' agreement allows a case to be brought in small claims court and whether WarnerMedia waives the right to remove. Although these provisions are found with an agreement to arbitrate, they have nothing to do with the power of an arbitrator or the scope of his or her

10

jurisdiction. In other words, what WarnerMedia argues is that a dispute that occurs after a case is filed in small claims court, as the contract allows, over whether the case may be removed from that court, is somehow a question of arbitrability. That is nonsensical.

Caselaw supports the conclusion that a dispute about whether a case may be removed from small claims court is not a question of arbitrability. "The question of arbitrability" is "the question of whether the parties have submitted a particular dispute to arbitration." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002). Courts define arbitrability as involving disputes about the validity or scope of the agreement to arbitrate. See, e.g., Swiger v. Rosette, 989 F.3d 504 (6th Cir. 2021) (describing arbitrability as issues "concerning the validity, enforceability, or scope" of the arbitration agreement); Jacobs Field Services North America, Inc. v. Wacker Polysilicon North America, LLC, 375 F. Supp. 3d 898, 912 (E.D. Tenn. 2019) (describing arbitrability questions as "gateway determinations about the validity and scope of an arbitration clause"); Hatfield v. M&M Imports, 575 F. Supp. 3d 775, 781 (E.D. Ky. 2021) (describing "initial arbitrability questions" as being "about the validity, enforceability, coverage, or scope" of the arbitration clause).

The dispute in this case simply does not turn on any dispute about the validity, enforceability, coverage, or scope of any arbitration clause. Far from disputing the validity or enforceability of any arbitration clause between the parties, Ms. Aston-

11

Martin acted within her rights under any of the potentially applicable agreements when she filed this case in small claims court. Nor is there any dispute about whether this kind of claim falls under the scope of any potentially applicable agreement. The only kinds of claims excluded from that scope are personal injury claims, which nobody could possibly argue this is. The parties may have a dispute about which arbitration agreement would apply if the case were to proceed in arbitration, but it simply does not extend to this dispute. All of the potential agreements allowed Ms. Aston-Martin to proceed in small claims court. Once she elected to do so, whether any hypothetical arbitration she did not file would proceed under the AAA or under any other forum simply ceased to matter.

WarnerMedia is simply wrong that the question of whether this court should remand Ms. Aston-Martin's case to the small claims court where it was filed presents a question of arbitrability. This is made clear by looking at both sets of agreements. Under the older version, the parties delegated issues of arbitrability to an arbitrator, meaning that an arbitrator would decide the scope and enforceability of the arbitration agreement. They did this by incorporating the AAA Rules, which explicitly state that "[t]he parties may take their claims to small claims court without first filing with the AAA." AAA Consumer Arbitration Rule 9(a). WarnerMedia's new terms purport to send arbitrability to a court in New York, meaning that court would decide the scope and enforceability of the arbitration agreement, again, when

the dispute *is in arbitration*. But here, Ms. Aston-Martin opted for an *exception* to the arbitration requirement. She chose to file in small claims court, as the agreement allowed her to do without stopping at arbitration first. No question of arbitrability exists here, and any questions about whether the suit is properly before the small claims court are for that court to decide, rather than, to quote the parties' agreement, a "court of general jurisdiction." This Court should remand.

### F. The Court Should Decide Plaintiff's Remand Motion First.

Courts in the Sixth Circuit routinely decide remand motions prior to motions seeking to transfer the case to another court. See Total Quality Logistics, LLC v. Traffic Tech., Inc., 2022 WL 2948945, at *2 (S.D. Ohio July 26, 2022) (collecting cases); Concord Tel. Exch., Inc. v. Halo Wireless, Inc., No. 3-11-0796, 2011 WL 5325572, at *1 (M.D. Tenn. Nov. 3, 2011) ("The Court will address the Motion to Remand first, since granting the Motion to Remand would make the Motion to Transfer moot."); In re Millennium Multiple Employer Welfare Benefit Plan,, No. 10-13528, 2011 WL 13384507, at *3 (M.D. Tenn. Apr. 15, 2011) ("When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." (quoting Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 558 (E.D.N.Y. 2010)).

WarnerMedia argues that the transfer motion should be decided first. It cites Jabo's Pharmacy, but in that case the remand motion was filed more than two weeks after the motion to transfer was filed. 2010 WL 3851966, at *1. It also cites Public Employees' Retirement System of Mississippi v. Stanley, but that case "present[ed] difficult questions of statutory interpretation on both of Defendants' bases for removal[,]" whereas the transfer motion was clearly "meritorious" as the plaintiff had recently filed a "virtually identical" complaint in the transferee court and the plaintiff would not be inconvenienced. 605 F. Supp. 2d at 1075. Finally, in Gould, the court decided a transfer motion first that involved a nationwide class action initially filed in state court, where a virtually identical class action was pending in the transferee court, the plaintiff would not be inconvenienced, and there was "no question that th[e] action could have been brought in [the transferee court]." 990 F. Supp. at 1358.

Ms. Aston-Martin is a Tennessee resident who sought to avail herself of a home county forum under the plain terms of the agreement she was forced to enter as a condition of signing up for a video-streaming account. Her suit is an individual suit seeking individualized relief, following the dictates of the parties' agreement. Her remand motion is straightforward. And the New York litigation referenced by WarnerMedia involves different parties who opted for a different method of dispute resolution under the contract. Transferring this case would be materially

inconvenient to Ms. Aston-Martin, as it would move her case hundreds of miles away and would lead to many months of delay. Ms. Aston-Martin's case is unlike the cases cited by WarnerMedia, and there is no dispute that she could not have brought her suit in New York federal court to start.

For these reasons, this Court should decide Ms. Aston-Martin's remand motion first.

## CONCLUSION

This is a small claims court case that was properly filed in Tennessee's General Sessions Court. WarnerMedia agreed to allow consumers like Ms. Aston-Martin to bring disputes in small claims court and has now reneged on its promise, insisting the dispute be heard in arbitration. But the parties' agreement expressly allows Ms. Aston-Martin to proceed in the General Sessions Court. This Court should order that this case be remanded to the General Sessions Court of Coffey County, Tennessee pursuant to the terms of the parties' agreement.

Respectfully submitted, this 25th day of June, 2024,

_____
Garth R. Segroves (BPR 023358
113 West Moore Street
Tullahoma, Tennessee 37388
Telephone: (931) 393-4366
Facsimile: (931) 259-4466
Email: garth_segroves@att.net

15

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record through the CM/ECF electronic filing system of the United States District Court for the Eastern District of Tennessee on the 25th day of June, 2024.

                                                         Garth R. Segroves