UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| WENDY ASTON-MARTIN, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 4:24-cv-43 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| WARNERMEDIA DIRECT, LLC | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION**

Before the Court are Plaintiff Wendy Aston-Martin's motion to remand to state court (Doc. 16), Defendant WarnerMedia Direct, LLC's ("WarnerMedia") motion to transfer the case to the United States District Court for the Southern District of New York (Doc. 17), and WarnerMedia's motion to compel arbitration (Doc. 20.) For the following reasons, the Court will **DENY AS MOOT** Aston-Martin's motion to remand to state court (Doc. 16), will **GRANT** WarnerMedia's motion to transfer the case (Doc. 17), and will **DENY AS MOOT** WarnerMedia's motion to compel arbitration (Doc. 20). The Court hereby **TRANSFERS** this action to the United States District Court for the Southern District of New York.

I.   BACKGROUND

   A.   Factual Background

WarnerMedia operated the television and movie streaming platform HBO Max.[1]  (Doc. 1-2, at 6.)  Aston-Martin subscribed to HBO Max and watched content through the service.  (*Id.* at 13.)

Each HBO Max subscriber agrees to the platform's Terms of Use.  (*Id.* at 8.)  Relevant to this dispute, the Terms of Use include an arbitration provision stating:  "HBO Max and you agree to arbitrate all disputes and claims between us, except for claims arising from bodily injury or that pertain to enforcing, protecting, or the validity of your or our intellectual property rights (or the intellectual property rights of any of our licensors, affiliates and partners)."[2]  (Doc. 18-3, at 35.)  But this arbitration provision contains an exception providing:  "[n]otwithstanding the foregoing, either party may bring an action in small claims court seeking only individual relief, so long as the action remains in that court and is not removed or appealed to a court of general jurisdiction."  (*Id.* at 36.)  The Terms of Use also contains a clause providing:

> These Terms shall be governed by the laws of the State of New York, without regard to conflict of laws principles.  A dispute that is not subject to arbitration under Section 5.4 (Dispute Resolution) of these Terms shall be brought in the appropriate state or federal court located in New York County, New York; and we and you each irrevocably consent to the exclusive jurisdiction and venue of the state and federal courts in New York County, New York for the adjudication of all non-arbitral claims.

---

[1] WarnerMedia replaced HBO Max with a new platform known as Max on May 23, 2023, and continues to operate that platform.  (Doc. 17, at 7 n.4.)  This distinction is not relevant to this dispute.

[2] The parties dispute which version of the Terms of Use applies to Aston-Martin.  However, as Aston-Martin acknowledges, "[t]he prior versions of the terms were substantively identical."  (Doc. 28, at 2.)  The minor alterations in different versions of the Terms of Use do not alter the Court's analysis, and the Court relies on versions cited by Aston-Martin.

(Doc. 18-3, at 47.)

Aston-Martin alleges that WarnerMedia shared her personal data—namely her video watch history—with digital advertisers such as Facebook, Instagram, Google, and Braze. (Doc. 1-2, at 6.) She further asserts that, by doing so, WarnerMedia violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.*, a federal statute that prohibits a "video tape service provider" from "knowingly disclos[ing] to any person, personally identifiable information concerning any consumer of such provider" without that person's informed written consent. (*Id.* at 7.)

**B.  Similar Actions**

On September 12, 2023, a group of plaintiffs filed a complaint alleging that WarnerMedia violated the Video Privacy Protection Act in a manner identical to the present case in the United States District Court for the Central District of California. *Marcus Brooks et al v. WarnerMedia Direct, LLC*, 2:23-cv-7579 (C.D. Cal. Sept. 12, 2023). In that case, WarnerMedia filed a motion to transfer the case to the Southern District of New York based on the same forum-selection clause in HBO Max's Terms of Use as described above. *Brooks*, 2:23-cv-7579, Doc. 41 (Nov. 6, 2023). The court granted that motion and transferred the case to the United States District Court for the Southern District of New York. *Brooks*, 1:23-cv-11030 (S.D.N.Y. Dec. 20, 2023). The action remains pending in the Southern District of New York.

**C.  This Action**

Aston-Martin filed this action in the General Sessions Court of Coffee County, Tennessee, on April 4, 2024.[3] (Doc. 1-2.) In her complaint, Aston-Martin asserts a single claim under the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* (*Id.* at 7.)

---

[3] In Tennessee, General Sessions Court is a small claims court.

On May 24, 2024, WarnerMedia removed the case to this Court. (Doc. 1.) On June 4, 2024, Aston-Martin filed a motion to remand the action to the General Sessions Court of Coffee County, Tennessee (Doc. 16), on June 18, 2024, WarnerMedia filed a motion to transfer the case to the United States District Court for the Southern District of New York (Doc. 17), and, also on June 18, 2024, WarnerMedia filed a motion to compel the case the arbitration. (Doc. 20). These motions are ripe of the Court's review.

## II. STANDARD OF REVIEW

### A. Motion to Remand

Generally, a defendant may remove to federal court any civil action over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing that the district court has original jurisdiction over the matter by a preponderance of the evidence. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation and internal quotation marks omitted).

### B. Motion to Transfer

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404(a) "does not condition transfer on the initial forum's being 'wrong'" but "permits transfer to any district court where venue is also proper"—*i.e.*, where the action might have been brought in the first instance. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013); *see also* 28 U.S.C. § 1404(a). "The purpose

of a transfer under [§ 1404(a)] is to prevent the waste of time, energy[,] and money and to protect litigants, witnesses[,] and the public against unnecessary inconvenience and expense." *Sardeye v. Wal-Mart Stores East, LP*, No. 3:18-cv-01261, 2019 WL 4276990, at *3 (M.D. Tenn. Sept. 10, 2019) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "[D]istrict courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see also Bunting ex rel. Gray v. Gray*, 2 F. App'x 443, 448 (6th Cir. 2001) ("A decision to transfer under § 1404(a) lies within the discretion of the district court.").

The Supreme Court has stated that § 1404(a) "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient and inconvenient." *Van Dusen*, 376 U.S. at 645–46. "Transfer under § 1404(a) is therefore 'inappropriate where it would serve only to transfer the inconvenience from one party to the other.'" *Sardeye*, 2019 WL 4276990, at *3 (quoting *Coleman v. Dollar Tree Stores, Inc.*, No. 3-13-0069, 2013 WL 1775447, at *3 (M.D. Tenn. Apr. 25, 2013)). The party requesting the transfer "bears the 'substantial' burden of proving that transfer is warranted." *Id.* (citing *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 958 (M.D. Tenn. 2008)); *see also Finley v. Kelly*, 384 F. Supp. 3d 898, 903 (M.D. Tenn. 2019) ("The burden of proving that transfer is warranted is on the moving party," and "the burden is a substantial one."). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese*, 574 F.3d at 320 (citing *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)); *see also Sardeye*, 2019 WL 4276990, at *6 ("Ordinarily, a plaintiff's choice of forum should be given great or substantial weight when considering whether to transfer a case under § 1404(a).").

## III. ANALYSIS

The parties agree that this action should not be before this Court and provide three possible forums for this action: (1) arbitration; (2) the General Sessions Court in Coffee County, Tennessee; and (3) the United States District Court for the Southern District of New York. All arguments turn on interpretation of HBO Max's Terms of Use. Because the Terms of Use required Aston-Martin to file this case in New York, the Court will transfer this case.

Preliminarily, the Court must decide which state's law applies when interpreting the Terms of Use. The Terms of Use provides that "[t]hese terms shall be governed by the laws of the State of New York, without regard to conflict of law principles." (Doc. 18-3, at 47.) Under Tennessee choice-of-law rules, a court "will honor a choice of law clause if the state whose law is chosen bears a reasonable relation to the transaction and absent a violation of the forum state's policy." *Wright v. Rains*, 106 S.W.3d 678, 681 (Tenn. Ct. App. 2003) (quoting *Bright v. Spaghetti Warehouse, Inc.*, No. 03A01-9708-CV-00377, 1998 WL 205757, at *5 (Tenn. Ct. App. Apr. 29, 1998)). WarnerMedia is based in New York, and nothing suggests that applying New York law would violate Tennessee's public policy. (Doc. 1-1, at 1.) Accordingly, the Terms of Use's choice-of-law provision applies, and the Court must apply New York law in interpreting the Terms of Use.

Under New York law, a court must interpret a contract by looking at the plain meaning of its words and phrases. *Howard Carr Cos., Inc. Tech Val. Plaza, LLC*, 74 A.D.3d 1534, 1535 (N.Y. App. Div. 2010). If the contract's language is clear and unambiguous, the court may not look beyond the four corners of the document to further ascertain the parties' intent. *W.W.W. Assoc. v. Giancontieri*, 566 N.E.2d 639, 642 (N.Y. 1990).

### A. Whether this Dispute Falls Under the Dispute Resolution Section

HBO Max's Terms of Use provide that "HBO Max and you agree to arbitrate all disputes and claims between us, except for claims arising from bodily injury or that pertain to enforcing, protecting, or the validity of your or our intellectual property rights (or the intellectual property rights of any of our licensors, affiliates and partners)." (Doc. 18-3, at 35.) The parties agree that this dispute falls within this clause. (Doc. 16, at 6 ("There is no dispute that Ms. Aston-Martin's video privacy dispute is within the scope of the parties' arbitration agreement"); Doc. 20, at 9).)

However, this does not mean the Court must compel this case to arbitration. Another clause in the Dispute Resolution Section provides that, "[n]otwithstanding the foregoing, either party may bring an action in small claims court seeking only individual relief, so long as the action remains in that court and is not removed or appealed to a court of general jurisdiction." (Doc. 18-3, at 36.) Therefore, under the Terms of Use, Aston-Martin was within her contractual rights to pursue a claim in small claims court instead of arbitration. However, as discussed below, the Terms of Use require any small claims action to be brought in New York.

### B. Whether Aston-Martin was Required to Bring this Claim in New York

The Terms of Use contain a forum-selection clause providing:

A dispute that is not subject to arbitration under Section 5.4 (Dispute Resolution) of these Terms shall be brought in the appropriate state or federal court located in New York County, New York; and we and you each irrevocably consent to the exclusive jurisdiction and venue of the state or federal courts in New York County, New York for the adjudication of all non-arbitral claims.

(Doc. 18-3, at 47.)

The forum-selection clause applies to this dispute, and, therefore, Aston-Martin was required to bring her claim in New York. The forum-selection clause required Aston-Martin to bring all claims excluding those "subject to *arbitration*" in New York. (*Id.* (emphasis added).)

This dispute was not subject to arbitration when filed, because Aston-Martin had a contractual right to bring this action in small claims court. Thus, the forum-selection clause applies. Therefore, Aston-Martin had a choice between two forums: (1) arbitration; or (2) New York small claims court. Tennessee small claims court was not an option.

Nonetheless, Aston-Martin argues that the Court cannot transfer this case pursuant to the forum-selection clause, because remand is instead appropriate. (Doc. 16; Doc. 28, at 3–4.) The Court is not required to decide the motion to remand before the motion to transfer, and courts regularly transfer cases instead of deciding motions to remand when related cases are pending in the transferee district. *See Jabo's Pharmacy v. Cephalon, Inc.*, No. 2:09-cv-289, 2010 WL 3851966, at *1 (E.D. Tenn. Sept. 27, 2010) ("There is no federal law or statute, or judicial decision, that requires a court to decide a motion to remand before it decides a motion to transfer.") (cleaned up and citations omitted); *id.* ("Deciding a motion to transfer venue before a motion to remand is particularly appropriate . . . where a related suit is already pending in the transferee district . . . .") (citations omitted).

In sum, Aston-Martin was required to bring this action in New York and did not do so. Therefore, the Court must transfer the case barring other considerations.

### C. Whether Other Reasons Bar Transfer

Given that the forum-selection clause applies to this dispute, the Court must next address whether it should enforce the clause and transfer this case in accordance with the clause. "Only under extraordinary circumstances unrelated to the convenience of the parties" should a court decline to enforce a forum-selection clause. *Atlantic Marine*, 134 S. Ct. at 581. Ordinarily, on a motion under § 1404(a), "the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise

promote 'the interest of justice.'" *Id*. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id*. (internal quotation marks omitted). In such a circumstance, a "valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id*. (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Id*. at 583.

To evaluate the enforceability of a forum-selection clause, the Court must look to the following factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). The plaintiff "bear[s] the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atlantic Marine*, 134 S. Ct. at 581–82.

Aston-Martin argues that enforcing the forum-selection clause is unconscionable because it forces her to "litigate a thousand miles from home." (Doc. 28, at 4.) The Central District of California rejected this argument in *Brooks*, finding that the HBO Max users "already agreed to New York as the exclusive jurisdiction despite never having stepping foot there and the transactions taken place in California." *Brooks v. WarnerMedia Direct, LLC*, No. CV 23-7579,

2023 WL 10706636, at *6 (C.D. Cal. Dec. 1, 2023), *adopted* 2023 WL 10705852 (C.D. Cal. Dec. 4, 2023). The same is true here; Aston-Martin agreed to litigate the case in New York when she entered into an agreement with WarnerMedia. Further, the Sixth Circuit has routinely enforced forum selection-clauses even when it requires litigation in distant forums. *See, e.g.*, *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 833 (6th Cir. 2009) (enforcing a forum-selection clause that required all claims to be brought in Gibraltar).

Aston-Martin also argues that "the contract's promise that [she] could proceed in small claims court so long as the case remained there" is rendered illusory and unconscionable if the case is transferred. (Doc. 28, at 5.) The Court disagrees. Transfer of the case to the court the parties contemplated in their agreement will allow that agreed forum to decide whether to order the case to arbitration, thereby giving effect to the parties' contract.

Because no extraordinary circumstances exist, the Court must enforce the forum-selection clause, and, therefore, it grants WarnerMedia's motion to transfer the case.

### IV. CONCLUSION

For the above-stated reasons, the Court **GRANTS** WarnerMedia's motion to transfer this case to the United States District Court for the Southern District of New York (Doc. 17), **DENIES AS MOOT** Aston-Martin's motion to remand (Doc. 16), and **DENIES AS MOOT** WarnerMedia's motion to compel arbitration (Doc. 20). The Court hereby **TRANSFERS** this case to the Southern District of New York.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**